IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| INTERNATIONAL BROTHERHOOD OF ELECTRICAL WORKERS, LOCAL 134, an unincorporated association,<br><br>    Plaintiff,<br> v.<br><br>BRIAN CUNNINGHAM,<br><br>    Defendant. | No. 12 C 7487<br><br>Judge Virginia M. Kendall |

## MEMORANDUM OPINION AND ORDER

Plaintiff International Brotherhood of Electrical Workers, Local 134 brought an action against Defendant Brian Cunningham for alleged unauthorized intentional intrusions into Local 134's computer network in violation of the Electronic Communications Privacy Act ("ECPA"), 18 U.S.C. § 2701, *et seq.*, and the Computer Fraud and Abuse Act ("CFAA"), 18 U.S.C. § 1030, *et seq.* Cunningham moved for sanctions against Local 134 and its counsel pursuant to Fed. R. Civ. P. 11. *See* Dkt. 51. For the reasons stated, Cunningham's Motion for Sanctions is denied.

## BACKGROUND

Local 134 is an electrician labor organization. (Dkt. 12, Am. Compl. ¶ 5). Local 134 filed an Amended Complaint on October 30, 2012, alleging that Cunningham obtained email addresses of members of Local 134 through unauthorized and unlawful access to Local 134's computer network. (*Id.* at ¶ 12). Local 134 further alleged that Cunningham utilized these email addresses and sent email blasts to its members and signatory contractors from May 2012 to September 2012 in an effort to interfere with Local 134's contractual relationships. (*Id.* at ¶¶ 10 and 12). Local 134 claimed that these emails violated the ECPA and the CFAA because

Cunningham intentionally accessed Local 134's computer system without authorization. (*Id.* at ¶¶ 21 and 26).

Local 134 based its allegations against Cunningham on the fact that the emails received by the organization members were sent from an entity called "Local 134 Transparency Times." (*Id.* at ¶ 10). Counsel for Local 134 researched the "Transparency Times," located an associated lockbox address, and found that the lockbox was registered to Tom Mannix, the owner of a social media delivery service. (Dkt. 56, Local 134 Mem. in Opp. to Sanctions at 2). In responding to a subpoena, Mannix named Cunningham as the representative of "Transparency Times" who had engaged his social media delivery services. (*Id.*). Local 134 also retained a computer forensic consulting firm, Forensicon, which reported that there had been a "brute force attack" to the Local 134 computer database around May, 2012. (*Id.* at 5). However, Local 134 did not at any point in the discovery process offer evidence of any intentional intrusion by Cunningham onto its computer system. (Dkt. 51, Cunningham Mtn. for. Sanctions ¶ 12). Cunningham filed his Motion for Sanctions on October 7, 2013. The case was dismissed by the Court on October 8, 2013, after a hearing on the Motion for Sanctions at which Local 134 admitted it had no evidence to pursue Cunningham further.

## **LEGAL STANDARD**

Rule 11(b) states that in presenting papers to federal court, the attorney or party thereby certifies that the filing is "not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation," and that the legal argument presented is "warranted by existing law or by a nonfrivolous argument" for changing the law. *See* Fed. R. Civ. P. 11(b). A frivolous argument, one that is simply baseless or made without a

reasonable and competent inquiry, may incur penalty under Rule 11. *See Berwick Grain Co., Inc. v. Illinois Dep. of Agric.*, 217 F.3d 502, 504 (7th Cir. 2000). In reviewing a Rule 11 motion for sanctions, this Court employs a standard of objective reasonableness, and must consider whether the party or his counsel should have known that his position is groundless. *Cuna Mut. Ins. Soc. v. Office and Prof'l Emp. Int'l Union, Local 39*, 443 F.3d 556, 560 (7th Cir. 2006). The Court looks to the circumstances surrounding the allegedly sanctionable conduct, and may impose sanctions even if only some of the party's actions violated the Rule. *See Teamsters Local No. 579 v. B & M Transit*, 882 F.2d 274, 280-81 (7th Cir. 1989). Rule 11 sanctions are to be imposed sparingly, as they can have significant impact beyond the merits of any individual case and can affect the reputation and creativity of counsel. *See Hartmarx Corp. v. Abboud*, 326 F.3d 862, 867 (7th Cir. 2003).

## **DISCUSSION**

Cunningham alleges that Local 134 brought its claim against him only to harass and intimidate in an attempt to silence the "Transparency Times." Cunningham claims that sanctions are warranted because the Amended Complaint filed against him was without any evidentiary basis and Local 134 failed to dismiss its claim or take other corrective action within the 21 day safe harbor period. Although Local 134 did not present evidence of an intrusion by Cunningham onto its computer database, this Court does not find that its conduct in pursuing the case was objectively unreasonable.

### A. Facts Relevant to the Motion for Sanctions

In determining whether awarding fees and costs to Cunningham is proper, the history surrounding Local 134's pursuit of its claims is integral to the Court's analysis. Sanctions are not

3

appropriate if Local 134's pretrial inquiries into the factual bases for its complaint were sufficient. *See LaSalle Nat'l Bank of Chicago v. Cnty. of DuPage*, 10 F.3d 1333, 1339 (7th Cir. 1993). The operative events underlying Local 134's claims involved a series of emails, sent between May 10 and September 14 of 2012, addressed to a number of members of Local 134 from the "Transparency Times." Local 134 management received complaints from various members expressing confusion as to how their email addresses were procured by the "Transparency Times." Local 134's initial Complaint was filed September 18, 2012, and did not name a known defendant. (Dkt. 1).

Subsequent to the filing of the initial Complaint, Local 134 conducted an investigation of the emails sent by the "Transparency Times." In September 2012, Local 134's counsel retained Forensicon to review Local 134's computer network security. (Dkt. 56-7). On September 26, 2012, Forensicon reported that the security logs for the computer database had been deactivated by the information technology personnel affiliated with the previous administration of the organization. (*Id.*). Forensicon also reported that a "brute force attack" occurred in May 2012, involving multiple log on attempts to the database. (*Id.*)

The transmitted emails from the "Transparency Times" included a mailing address associated with Chicago Lockbox, LLC at the conclusion of the message. On October 9, 2012, Local 134 issued a subpoena to Chicago Lockbox to produce information relating to the "Transparency Times" mailbox located at the address. (Dkt. 56-2). In its response, Chicago Lockbox stated that the mailbox in question was contracted by Tom Mannix. (Dkt. 56-3). Local 134 consequently issued a deposition subpoena to Mannix on October 18, 2012, along with a requirement to bring all documents associated with the "Transparency Times." (Dkt. 56-4). On

October 24, 2012, Mannix submitted an affidavit declaring that he owned a social media delivery system and that he was asked to provide these services for the "Transparency Times." (Dkt. 56-5). Mannix further stated that Cunningham represented the "Transparency Times" and was the individual who made the request. (*Id.*). Only after this information came to light did Local 134 file its Amended Complaint, naming Cunningham as the Defendant, on October 30, 2012.

Cunningham did not answer the Amended Complaint until June 3, 2013. (Dkt. 45). A review of the briefs filed by both parties indicates that minimal discovery took place.[1] In August 2013, Cunningham's counsel informed Local 134 of its intent to file the present Motion for Sanctions unless Local 134 could produce evidence to support the allegations of an intentional, unlawful intrusion onto the Local 134 database. Counsel for the parties had discussions in August and September regarding the dismissal of the case, but Local 134 never withdrew its Amended Complaint.[2] Cunningham served his Motion for Sanctions upon Local 134 on September 4, 2013 and filed the same with the Court on October 7, 2013. The Court dismissed Local 134's Amended Complaint after a hearing on October 8, 2013.

**B. Sanctions are not Appropriate**

Sanctions are inappropriate unless Local 134 filed its Amended Complaint without a reasonable basis in fact. *See City of East St. Louis v. Circuit Court for Twelfth Judicial Circuit, St. Clair Cnty., Ill.*, 986 F.2d 1142, 1143 (7th Cir. 1993). Here, Local 134 presented a colorable argument that someone had accessed its computer network, obtained email addresses of

---

[1] Cunningham propounded interrogatories and a request for production of documents. Local 134's responses to this discovery, stating that it had no evidence that Cunningham accessed Local 134's computer network without authorization but was continuing investigation, led to the Motion for Sanctions at issue. Local 134 submitted Rule 33 and 34 requests upon Cunningham but never received any responses.

organization members, and sent emails encouraging dissonance with the current Local 134 administration. After exploring the source of the emails, Local 134's investigation pointed to Cunningham. Although Local 134 was ultimately unable to show that Cunningham, or anyone else for that matter, intentionally unlawfully accessed its database, its conduct in pursuing such a claim was not objectively unreasonable.

This conclusion is supported by the fact that Local 134 clearly made a reasonable inquiry in advance of naming Cunningham as the Defendant in its Amended Complaint. *See City of East St. Louis*, 986 F.2d at 1143 (counsel has a duty to make inquiry in advance of filing to ensure that no action "for any improper purpose is filed"). Local 134 hired Forensicon and paid $6,724.57 for its forensic analysis, evidencing the seriousness with which Local 134 was taking a possible security breach to its network. Forensicon reported a "brute force attack" with multiple log-on attempts to the Local 134 database, leading to a reasonable belief that the security of its member information was compromised. Local 134 proceeded to investigate the source of the emails and only named Cunningham as the Defendant after Mannix's affidavit named him as the representative of the "Transparency Times." This was not a shot in the dark. Local 134 received complaints from various members of the organization regarding emails received from the "Transparency Times." The members explicitly stated that they had not offered their email addresses to the entity. It was therefore not objectively unreasonable for Local 134 to think that these email addresses were obtained from the Local 134 database. Seeing as the emails were sent on behalf of the "Transparency Times," it was also reasonable for Local 134 to believe that the representative of the entity had accessed the network. The Amended Complaint was not frivolous

---

[2] Local 134 maintains that on August 28, 2013, it offered to dismiss the case in exchange for a written statement from Cunningham stating his source for the email list. On September 17, 2013, Local 134 offered to dismiss the case

simply because discovery revealed an absence of a connection between the "brute force attacks" and actions taken by Cunningham. *See Cooney v. Casady*, 735 F.3d 514, 521 (7th Cir. 2013) ("The fact that a plaintiff may ultimately lose his case is not in itself a sufficient justification for the assessment of fees.") (quoting *Hughes v. Rowe*, 449 U.S. 5, 14 (1980)).

It is true that the best course for Local 134 would have been to withdraw its Amended Complaint once it understood that no link between Cunningham and its database would be found. Although Local 134 contends that "rather than requiring [Cunningham] to answer [Local 134's] discovery requests, [Local 134] made the decision to take steps to terminate the litigation in an effort to conserve the resources of all parties," it never actually dismissed or withdrew its case. Local 134 did not need Cunningham's permission to dismiss the controversy. This decision, however, is not the type of extreme conduct necessary to warrant sanctions, especially when considering that Local 134 ceased to actively pursue litigation after August of 2013 and never required responses by Cunningham to its discovery requests. Because this Court finds that Local 134's conduct in filing and pursuing its Amended Complaint was not objectively unreasonable, Cunningham's Motion for Sanctions is denied.

## **CONCLUSION**

For the foregoing reasons, Cunningham's Motion for Sanctions is denied.

_____
Virginia M. Kendall
United States District Court Judge
Northern District of Illinois

Date: July 14, 2014

---

if Cunningham waived its right to seek sanctions.